UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY MCCLELLAN,

                        Petitioner,

                                                  Case No. 10-12437

v.                                        Honorable David M. Lawson

STEVE RIVARD,

                        Respondent.

_____/

## OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S UNEXHAUSTED CLAIM AND DIRECTING RESPONDENT TO FILE RESPONSE

Petitioner Jeffrey Deshon McClellan has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. McClellan pleaded guilty to possession of a firearm during the commission of a felony and was sentenced to two years imprisonment. In his habeas petition, he alleges that his guilty plea was involuntary and his lawyer was constitutionally ineffective. He also challenges the validity of a warrant authorizing the search of his residence. The petitioner acknowledges that he has not fully exhausted his search warrant claim in the Michigan courts. However, the Court finds that the claim presents issues that are not cognizable on habeas review. The Court will dismiss without prejudice the petitioner's search warrant claim and allow the petitioner to proceed on his remaining grounds. The Court also will order the respondent to file the Rule 5 materials and answer the petition by September 19, 2011.

I.

Charges were filed against the petitioner in the Wayne County, Michigan circuit court. On February 3, 2009, the petitioner pleaded guilty to possession of a firearm during the conviction of a felony and was sentenced on March 13, 2009 to two years imprisonment. At some point in the

interim, he apparently filed a motion to withdraw his guilty plea, arguing that his plea was involuntary and his lawyer had been ineffective.  The court denied the motion, but no evidence of that motion or the court's disposition appears in the current record before this Court.  The petitioner filed an application for leave to appeal his conviction in the Michigan Court of Appeals, asserting that the trial court reversibly erred by denying his motion to withdraw his guilty plea without scheduling an evidentiary hearing.  The Michigan Court of Appeals denied leave to appeal.  *People v. McClellan*, No. 294455, slip op. (Mich. Ct. App. Nov. 16, 2009).  The petitioner then filed an application for leave to appeal with the Michigan Supreme Court raising the same claim as well as a claim challenging the constitutionality of the search warrant executed at his residence.  The Michigan Supreme Court denied leave to appeal in a standard order issued on April 27, 2010.  *People v. McClellan*, 486 Mich. 901, 780 N.W.2d 823 (Apr. 27, 2010).

The petitioner dated his federal habeas petition June 2, 2010, but for reasons not explained in the record the petition was not filed until June 22, 2010.  He raises the two claims presented to the Michigan Supreme Court on direct appeal of his conviction:

> I.  The trial court committed reversible error in denying defendant's motion to withdraw his guilty plea without s[ch]eduling an evidentiary hearing on the voluntariness of his plea.

> II.  Ineffective assistance of counsel related to the voluntariness of his plea.

Pet. at 4.  The petitioner also raises the following claim in his federal court petition:

> III.  The General Warrant used in the defendant[']s case is unconstitutional because it doesn't meet the Fourth Amendment specificity requirements.

*Id.* at 6.  The petitioner admits that he did not exhaust his state court remedies on this third claim and explains that he "only became aware of what the constitutional requirements were after the Michigan Court of Appeals handed down its ruling."  *Ibid.*  The petitioner says that he supplemented his

-2-

application for leave to appeal in the Michigan Supreme Court, but that claim also was denied as part of the Michigan Supreme Court's April 27, 2010 order denying leave to appeal.

## II.

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state court remedies.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition.  *See* 28 U.S.C. § 2254(b)(1)(A), (C); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court.  *O'Sullivan*, 526 U.S. at 845.  A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thomas v. Keohane*, 516 U.S. 99, 111 (1995); *see also Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations").  A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief.  *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir.

-3-

1990). The petitioner bears the burden of showing that state court remedies have been exhausted. *Rust*, 17 F.3d at 160.

The petitioner has not satisfied his burden of demonstrating that he exhausted his state court remedies on his search warrant claim. He admits that he did not present that claim to the Michigan Court of Appeals and first raised it before the Michigan Supreme Court. The petitioner's presentation of the search warrant claim to the Michigan Supreme Court on discretionary review does not satisfy the exhaustion requirement. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Mohn*, 208 F. Supp. 2d at 800. Therefore, he has failed to properly exhaust one of his three claims in the state courts before seeking federal habeas review.

Generally, a federal district court should dismiss a "mixed" petition for a writ of habeas corpus, that is, one containing both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or amending and resubmitting the habeas petition to present only exhausted claims to the district court." *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *see also Rust*, 17 F.3d at 160. Although the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987); *Pillette v. Foltz*, 824 F.2d 494, 496 (6th Cir. 1987). For example, an unexhausted claim may be addressed if pursuit of a state court remedy would be futile, *Witzke v. Withrow*, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity. *Prather v. Rees*, 822 F.2d 1418, 1421 (6th Cir. 1987). A habeas petition also may be denied on the merits, despite the petitioner's failure to exhaust state court remedies. 28 U.S.C. § 2254(b)(2).

-4-

In this case, the Court can dispose of the search warrant claim summarily. *Ibid.* Federal courts will not address a Fourth Amendment claim in a habeas proceeding if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). Federal courts make two distinct inquiries when assessing whether a petitioner may raise a claim under this amendment in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982)). The Michigan state court procedure affords criminal litigants an opportunity to contest the constitutionality of a search warrant through pretrial motions practice. However, the petitioner admits that he did not avail himself of that procedural mechanism because he was unaware of the constitutional requirements for search warrants. Ignorance of the law or its requirements is not an excuse, *see Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991), and the petitioner's ignorance does not demonstrate a failure in the state court's procedural mechanism. Nor does the petitioner allege that he was denied the chance to litigate the issue in the state courts. The Court is satisfied that the petitioner was provided an opportunity for full and fair litigation of his search warrant claim in the Michigan courts and finds that the claim is not cognizable on habeas review. Therefore, the Court will dismiss that count and allow the petitioner to proceed on his exhausted claims.

III.

For the reasons stated, the Court concludes that the petitioner's unexhausted search warrant claim is not cognizable on habeas review and must be dismissed. The Court will permit the plaintiff to proceed on his exhausted claims challenging the state trial court's denial of his motion to withdraw his guilty plea and the effectiveness of his trial counsel. The Court also will order the State to file the Rule 5 materials and answer the petition.

Accordingly, it is **ORDERED** that the count III of the petition for writ of habeas corpus challenging the constitutionality of the search warrant, **ONLY**, is **DISMISSED**.

It is further **ORDERED** that the Clerk of the Court must serve a copy of the petition and a copy of this Order on the respondent and on the Attorney General for the State of Michigan by first-class mail as provided in Rule 4 of the Rules Governing Section 2254 Cases.

It is further **ORDERED** that the respondent must file an answer to the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases **on or before September 19, 2011**. The petitioner shall have 45 days from the date of the responsive pleading to submit a reply.

It is further **ORDERED** that, as part of the answer, the respondent must file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by the petitioner and the prosecution, and the state appellate opinions and orders as required by Rule 5 of the Rules Governing Section 2254 Cases. A separate index listing the materials being submitted shall also be filed.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: June 21, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 21, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL